IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERTO SANDOVAL,<br>a/k/a TITO, and<br>MARIAH JO HEAD | **I N D I C T M E N T**<br><br>Case No.  3:24-cr-177<br><br>Violations: 21 U.S.C. § 846 and<br>18 U.S.C. § 1956(h) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2024 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Central California, and elsewhere,

ROBERTO SANDOVAL, a/k/a TITO,
and MARIAH JO HEAD

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

### Prior Conviction

Before committing the instant offense, MARIAH JO HEAD had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of Minnesota, Case No. 0:19-cr-00251-ECT-LIB, by judgment entered on or about June 23, 2021, under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) – Aiding and Abetting Distribution of Methamphetamine, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, California, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that the defendants and others sent and received methamphetamine through the United States mail;

6. It was further a part of said conspiracy that the defendants and others sent payment for and proceeds of methamphetamine sales through the United States mail;

7. It was further a part of said conspiracy that the defendants and others utilized peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine sales;

8. It was further a part of said conspiracy that the defendants and others utilized social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine;

9. It was further a part of said conspiracy that the defendants and others traveled between the states of North Dakota and Minnesota to obtain, transport, and distribute methamphetamine;

10. On or about May 15, 2024, one or more conspirators arranged for shipment through the United States mail of approximately 1,400 grams of methamphetamine from Long Beach, California, to Moorhead, Minnesota;

11. On or about June 17, 2024, one or more conspirators arranged for shipment through the United States mail of approximately 1,100 grams of methamphetamine from Seal Beach, California, to Moorhead, Minnesota;

In violation of Title 21, United States Code, Section 846, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

### Money Laundering Conspiracy

The Grand Jury Further Charges:

From in or about January 2024 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Central California, and elsewhere,

ROBERTO SANDOVAL, a/k/a TITO,

did knowingly combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to promote the carrying on of that specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

### Manner and Means

The manner and means used to accomplish the objectives of this conspiracy included, among others, the following:

1. The defendant and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, California, and elsewhere;

2. The defendant and others would and did conduct financial transactions by collecting and transferring United States currency that was payment for and proceeds of methamphetamine sales;

3. The defendant and others would and did conduct financial transactions by utilizing peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine sales;

4. The defendant and others would and did conduct financial transactions by sending payment for and proceeds of methamphetamine sales through the United States mail;

5. The purpose of these financial transactions was to promote the ongoing drug trafficking conspiracy and to conceal and disguise the nature, location, source, ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

FORFEITURE NOTICE

Upon conviction of one or more of the offenses alleged in this Indictment,

ROBERTO SANDOVAL, a/k/a TITO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all right, title, and interest in any property involved in the violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property, and shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation of Title 21, United States Code, Section 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

- $1,180 in United States currency seized on or about June 21, 2024, in Fargo, North Dakota.

If any of the forfeitable property as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

MPK/tmg